## 9847

### GLENN v. PACIFIC MILLS.

(94 S. E. 872.)

1. APPEAL AND ERROR — MATTERS REVIEWABLE — OBJECTIONS.—Where trial Judge offered to strike out incompetent evidence, but appellant stated that he wanted to go into the matter further, there was no error in its admission.

2. APPEAL AND ERROR—OBJECTIONS—ACTIONS BY SERVANTS—LIABILITY INSURANCE.—In an action by an injured servant for damages, where the matter of liability insurance was mentioned incidentally without objection, there was no reversible error.

Before WHALEY, County Judge, Richland. Affirmed.

Action by J. O. Glenn against Pacific Mills.

*Messrs. Wm. Elliott* and *Jas. H. Fowles,* for defendant-appellant, cite: *As to refusal to grant new trial:* 92 S. C. 259. *As to defect in machinery not being presumed from its breaking or from failure to perform:* 72 S. C. 101; 78 S. C. 472.

*Mr. E. J. Best,* for respondent, makes no citations.

January 17, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages, alleged to have been sustained by the plaintiff, through the wrongful acts of the defendant. The complaint alleges that the plaintiff at the time hereinafter mentioned was in the employment of the defendant as a loom fixer; that while in discharge of his duties in its mill a steam pipe which ran through the mill suddenly blew open and burst at the valve, whereby a large quantity of boiling water was thrown upon the plaintiff, through the negligence and recklessness of the defendant. The defendant denied the allegations of the complaint, and interposed the defenses of assumption of risk and con-

tributory negligence. The jury rendered a verdict in favor of the plaintiff for $1,000, and the defendant appealed.

The first exception is as follows:

"His Honor erred when he allowed evidence of other scaldings."

During the trial one witness was asked if he did not hear of another person being burned, and upon objection by the defendant's attorney his Honor sustained the objection, and the witness did not answer the question. At another time there was a similar question, a similar objection, and the question was not answered.

The second exception is as follows: "His Honor erred when he allowed evidence of the alleged wrongful discharge of plaintiff's wife."

The record shows that, when the plaintiff's wife was asked whether she was discharged by the defendant on account of her husband's suit, she answered in the affirmative, whereupon the defendant's attorney said:

"That does not have anything to do with the case. I do not object if you will allow me to go into it."

His Honor, the presiding Judge, offered to strike out the testimony, but the defendant's attorney again stated that he would like to go on and ask her some questions about it.

The third exception is as follows: "His Honor erred when he allowed evidence of liability insurance."

This was mentioned incidentally and without objection.

The fourth exception is as follows: "His Honor erred when he allowed the alleged wealth and profits of the defendant, which was not proven, to be commented on to the jury."

There are no facts in the record upon which to base this exception, nor was it argued by the appellant's attorney.

The fifth exception was abandoned.

What has already been said practically disposes of the sixth exception.

Affirmed.